**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSEPH HONKISZ,

    Plaintiff,

vs.

ILLINOIS BELL TELEPHONE COMPANY
d/b/a AT&T Illinois,

    Defendant.

CASE NO. 15-CV-03318

JUDGE CHARLES NORGLE

**PLAINTIFF'S COMPLAINT**

   Plaintiff, Joseph Honkisz, by and through his attorneys, Colleen McLaughlin and Elissa Hobfoll of McLaughlin & Hobfoll, for his Complaint, against Defendant, Illinois Bell Telephone Company, d/b/a AT&T Illinois, alleges and states as follows:

**I. INTRODUCTION**

1.  Honkisz (hereinafter "Plaintiff" or "Honkisz"), works as an hourly non-exempt employee for Defendant, Illinois Bell Telephone Company, (hereinafter "Defendant" or "Illinois Bell") and claims that Defendant did not pay him overtime compensation for all hours worked in excess of 40 in a week, in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA"), and in violation of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* (IMWL"). In addition, Plaintiff alleges Defendant did not pay him paid for all hours that he performed work at his straight time rate or at his promised rate in violation of the and the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et. seq.* ("IWPCA").

2.  Honkisz has filed a consent and is also a member of a collective action currently pending in this District, *Blakes v. Ill. Bell. Tel. Co.*, Case No. 11-CV-336 ("*Blakes* Action"). Some of Plaintiff's claims in the *Blakes* action were decertified.

1

3.      The *Blakes* Action proceeds on a single claim for unpaid overtime for time spent recording hours worked after the end of a shift.

4.      After the *Blakes* Action was decertified, Honkinz was a party Plaintiff to a lawsuit joining numerous Plaintiffs who originally participated in the *Blakes* Action.  It was initially filed on February 28, 2014, prior to the effective date of decertification in the *Blakes* Action. *Tinoco v. Ill. Bell. Tel. Co.*, Case No. 14-CV-1456 ("*Tinoco* Action").

5.      On March 24, 2015, the *Tinoco* Action was severed and the instant case was initiated. See Doc. 1.

6.      In the *Blakes* Action, Honkisz received a court authorized FLSA 216(b) Notice; advising him of his rights to join the *Blakes* Action.  The Notice stated that plaintiffs alleged that Illinois Bell Cable Splicers "*were not paid overtime for all hours worked*. [and that] Such alleged unpaid work *includes* working through meal breaks and completing time sheets at the end of the shift." The Notice went on to explain that Honkisz "may be entitled to 1½ times the appropriate hourly rate, plus additional liquidated damages for each hour worked over 40 in a week for the last three years (from January 17, 2008, through the present)."  A copy of the Notice is attached hereto as Exhibit A.

7.      In response to the FLSA Notice Honkisz signed, returned, and filed a FLSA Consent form with the Court.  The Consent stated that Honkisz was seeking to recover "additional wages for the unpaid hours I have worked for the Defendant," Illinois Bell, pursuant to the FLSA.

8.      Plaintiff's claim relates back at least two (2) years and potentially three (3) years (if there is a finding of willfulness) (the "relevant time period(s)") from the date of the filing of his Consent in the *Blakes* Action; August 10, 2011. A copy of Plaintiff's FLSA Consent Form is attached hereto as Exhibit B.

## II. PARTIES

9.      Illinois Bell is one of largest providers of local telephone service in Illinois and surrounding states. Illinois Bell is and was, at all relevant times, an employer and an enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §203(d) and §203(s). Defendant is and was at all relevant times an employer within the definition of 820 ILCS 105/3(c) and 820 ILCS §115/2.

10.     Honkisz is an individual who, during his relevant time period, was employed by Defendant as a "Cable Splicer." At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. §203(e), 820 ILCS §105/3(d) and 820 ILCS §115/2.

## III. JURISDICTION AND VENUE

11.     This Court has jurisdiction over Plaintiff's claims against Defendant pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This Court has supplemental jurisdiction over the State Law Claims pursuant to 28 U.S.C. §1367.

12.     Venue is proper in this District as the acts giving rise to this cause of action took place in this District and Defendant regularly conducts business in this District.

## IV. COMMON ALLEGATIONS

13.     During the relevant time period, Honkisz worked in Illinois Bell's Construction and Engineering Department.

14.     Honkisz worked at Illinois Bell from July 15, 1979 to November 12, 2011.

15.     Honkisz was typically scheduled to work eight (8) hour shifts, plus a one half hour unpaid meal break.

16.     Honkisz started and ended each scheduled shift at a garage assigned by Defendant.

3

17.     During all relevant times, Honkisz worked as a Cable Splicer at the New Lenox, Gouger Road garage (the "New Lenox garage").

18.     Jack Carpenter and Bob Short and an individual by the name of Jake supervised Honkisz at the New Lenox garage.

19.     Illinois Bell agreed to compensate Honkisz at a promised rate. It promised to pay him at an overtime rate of one and a half (1.5) times his regular rate of pay for all hours worked in excess of eight (8) during each scheduled shift.

20.     Defendant did not require Honkisz to "punch a clock" to record his hours worked.

21.     Rather, Illinois Bell requires Honkisz to report time by recording a code for the multiple discrete tasks he performed each day. These codes do not account for all hours worked.

22.     Illinois Bell does not maintain an accurate record of all hours Honkisz actually worked in a continuous work day.

23.     Illinois Bell did not compensate Honkisz for all hours and time Honkisz actually worked in a continuous work day.

24.     Defendant permitted Honkisz to perform work before his shift, suffered or expected him to perform work during his unpaid meal breaks and permitted him to work his shift ended, all without paying him for the time spent performing this work.

25.     While employed as a Cable Splicer, Honkisz regularly performed work before his shift started, including, but not limited to, checking for and ordering supplies, reviewing blueprints, reviewing jobs, talking with his manager and with other cable splicers about work, completing his timesheet from a prior day and checking his work related email. He was not paid for the time her spent performing this work.

4

26.     Honkisz typically performed about fifteen (15) minutes of work prior to the start of his scheduled shift start time three (3) shifts a week.

27.     Defendant's timekeeping systems automatically deducted one half hour from Honkisz's pay, or recorded work hours, for a meal break or lunch.

28.     Honkisz worked through his unpaid meal breaks to meet Defendant's efficiency expectations, and because he could not break down and reset the job site to eat.

29.     While employed as a Cable Splicer, Honkisz regularly performed work during unpaid meal breaks, including, but not limited to, monitoring the job site to maintain safety and assure equipment not stolen, monitoring open manholes and equipment conducting tests, and driving from job site to job site.

30.     Honkisz typically performed work during unpaid meal breaks three (3) days a week.

31.     Defendant required technicians to return to the garage no earlier than twenty (20) minutes prior to the end of his shift.

32.     While employed as a Cable Splicer, Honkisz regularly performed work after his scheduled shift end time, including, but not limited to, cleaning his truck, checking and ordering supplies, talking with his manager about work, completing paper work and checking work email. He was not paid for the time he spent performing this work.

33.     Honkisz typically performed work after his scheduled shift end time at the New Lenox garage for about eighteen to twenty (18-20) minutes after the end of his scheduled shift time about three (3) days a week.

34.     Honkisz's supervisors were aware that he was performing work before and after his scheduled shift and during unpaid meal breaks.

35.     Honkisz's supervisors sometimes observed him performing work before and after his scheduled shift start and end times and during his unpaid meal breaks.

36.     Honkisz's supervisors told him to perform certain tasks before and after shift, and during unpaid meal breaks.

37.     Honkisz complained to his supervisors that he performed work for which he was not being paid.

38.     Honkisz observed other cable splicers complain to supervisors about performing work before and after shift and during unpaid meal breaks.

39.     Honkisz's supervisors pressured him to work through lunch to ensure that he met Defendant's efficiency goals.

40.     Honkisz's supervisors instructed him to record incorrect time codes and to not record certain tasks on his time sheet.

41.     On occasion, Honkisz's supervisors have rejected his requests to record overtime on his time sheets when they knew he worked the overtime hours.

42.     To the best of Honkisz's knowledge and belief, a supervisor had to approve all time sheets.

43.     Defendant permitted, encouraged, and/or required Honkisz to work in excess of forty (40) hours per week, but it did not pay for such overtime work.

44.     Defendant permitted, encouraged, and/or required Honkisz to work in excess of eight (8) hours per shift, but it did not pay him at the promised rate for such work.

45.     Defendant permitted, encouraged, and/or required Honkisz to work, but it did not pay him at his regular rate or promised rate such work.

46.     Under the FLSA and the IMWL, Defendant was and remains obligated to compensate Plaintiff at a rate of time and one half for all hours worked in excess of forty in any given week.

47.     Under the IWPCA, Defendant was and remains obligated to compensate Plaintiff for all hours he works and the rates at which it promised to pay him.

48.     Defendant, through the actions of its supervisors, have knowingly, willfully, and/or recklessly, suffered and permitted Plaintiff to perform work for which he has not been paid either at his applicable straight time, or overtime rates in violation of the FLSA, IMWL and IWPCA.

49.     As a direct and proximate result of Defendant's deliberate failure to pay for this work, Plaintiff has been damaged in that he has not received wages due to them pursuant to the FLSA, IMWL, and IWPCA.

50.     Defendant has made it difficult to account with precision for the unpaid overtime worked by Plaintiff during the liability periods because it did not make, keep, and preserve records of all the hours worked by such employees as required for non-exempt employees pursuant to 29 U.S.C. §211(c).

51.     Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff is entitled to recover liquidated damages in an amount equal to the overtime compensation shown to be owed to him that Defendants have failed to pay.

52.     Pursuant to the IMWL, 820 ILCS §105/12(a), Plaintiff is entitled to recover statutory damages in the amount of two percent (2%) per month of the amount of overtime compensation shown to be owed to him that Defendants have failed to pay.

53.     Pursuant to The IWPCA, 820 ILCS §115/14 Plaintiff is entitled to recover statutory damages in the amount of two percent (2%) per month of the amount of the amount of straight time and promised wages shown to be owed to him that Defendant has failed to pay.

WHEREFORE, Plaintiff, Joseph Honkisz, requests all such relief to which he is entitled, and hereby incorporates as if fully set forth herein,

7

a)  A declaratory judgment that Defendant has violated the overtime provisions of the FLSA;

b)  A declaratory judgment that Defendant's violations of the FLSA were willful;

c)  A declaratory judgment that Defendant has violated the overtime provisions of the IMWL;

d)  A declaratory judgment that Defendant's violations of the IMWL were willful;

e)  A declaratory judgment that Defendant has violated the wage payment provisions of the IWPCA;

f)  A declaratory judgment that Defendant's violations of the IWPCA were willful;

g)  An award to Plaintiff of damages in the amount of unpaid overtime compensation to be proven at trial;

h)  An award to Plaintiff of liquidated damages in an amount equal to the overtime compensation shown to be owed to him;

i)  An award to Plaintiff of statutory damages of two percent (2%) per month of the amount of overtime compensation shown to be owed to him that Defendants have failed to pay;

j)  An award to Plaintiff of statutory damages of two percent (2%) per month of the amount of the amount of straight time and promised wages shown to be owed to him that Defendant has failed to pay;

k)  An award to Plaintiff of reasonable attorney's fees and costs;

l)  An award to Plaintiff of post-judgment interest;

m)  An award to Plaintiff of pre-judgment interest; and

n)  An award of such other and further relief as this Court deems just and equitable.


Dated: July 30, 2015

                                          Respectfully Submitted,

McLaughlin & Hobfoll
1751 S. Naperville Rd., Ste. 209              /s/Elissa J. Hobfoll_____
Wheaton, IL 60189                                Elissa J. Hobfoll
O      630-221-0305
F      630-221-0706                              One of the Attorneys for Plaintiff
colleen@cmmclaw.com
elissa@cmmclaw.com