IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH HONKISZ,**<br>             **Plaintiff,**<br><br>vs.<br><br>**ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T ILLINOIS,**<br>             **Defendant.** | Civil No. 15-CV-3318<br><br>Hon. Judge Sheila M. Finnegan |

**Joint Motion for Approval of Settlement and Dismissal**

NOW COMES Plaintiff, Joseph Honkisz ("Plaintiff"), and Defendant, Illinois Bell Telephone Company ("Defendant") (collectively the "Parties"), by and through their attorneys, to respectfully move this Court for approval of their settlement agreement and dismissal of this action. In support thereof, the Parties state as follows:

1.     This action presently involves claims for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*

2.     Plaintiff originally opted into a FLSA collective action for unpaid wages captioned *Blakes v. Illinois Bell Telephone Company*, 11-cv-0336 (N.D. Ill.) (hereinafter "*Blakes*").

3.     Following partial decertification of some of the *Blakes* collective action claims, Plaintiff joined other technicians in filing individual claims for unpaid wages within the time allotted by the *Blakes* court. *Tinoco v. Illinois Bell Telephone Company*, 14-cv-1456 (N.D. Ill.) (hereinafter "*Tinoco*").

1

2

4.      The Court subsequently severed Plaintiff's claims from *Tinoco*, and assigned them to this action.

5.      On February 16, 2016, the Parties consented to the jurisdiction of the Honorable Judge Finnegan, who on that day presided over a settlement conference between the Parties at which the Parties reached a settlement of the claims being asserted in this matter.

6.      Courts in this circuit have held at a settlement under the FLSA must be approved by the Court or the Secretary of Labor.  *Roberts v. Apple Sauce, Inc.*, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 994–95 (N.D. Ind. 2010);  *Butler v. American Cable & Telegraph*, LLC, 2011 WL 4729780 at *9, n. 9 (N.D. Ill. 2011); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (although courts have refused to enforce "wholly private settlements," the FLSA does not require litigation of disputes that can be "compromised honestly.").  Thus, the reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Roberts*, 2014 WL 4804252, at *1. (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494(DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

7.      The settlement proposed here reflects a reasonable compromise of disputed issues and should be approved.  First, additional proceedings would be needed to bring this case to conclusion.  Thus, both parties expect the settlement to avoid further "protracted and expensive litigation."  Second, as explained more fully below, the Parties agree that serious questions of

3

law and fact exist – both as to liability and damages – such that the settlement here provides value to the Plaintiff in terms of an immediate and guaranteed recovery.

8. The Parties consider the terms of this settlement to be fair and reasonable, given the legal and factual defenses Defendant has asserted to Plaintiff's claims, including the statute of limitations (an issue on which this Court has already ruled, but that remains subject to appeal following final judgment). Additionally, Plaintiff asserts claims for unpaid overtime resulting from allegedly working off-the-clock in accordance with company requirements. Illinois Bell denies the existence of any such requirement, denies that Plaintiff worked off-the-clock, and maintains that Plaintiff cannot prove essential elements of his claims.

9. The Parties hereby respectfully request this Court review and approve the settlement and, assuming the settlement is approved, dismiss this lawsuit with prejudice. Pursuant to the Court's direction, upon the filing of this motion, the Parties will submit to the Court via email a copy of the settlement agreement for review *in camera* and request the settlement agreement remain under seal.

Respectfully submitted,

/s/ George A. Stohner  /s/ Colleen M. McLaughlin
George A. Stohner  Colleen M. McLaughlin
Gregory P. Abrams  Gregory S. Dierdorf
Lindsey M. Hogan  Law Offices of Colleen M. McLaughlin
FAEGRE BAKER DANIELS LLP  1751 S. Naperville Road
311 S. Wacker Drive, Suite 4300  Suite 209
Chicago, IL 60606  Wheaton, IL 60189
Tel: 312.356.5118  Tel.: 630.221.0305
Fax: 312-221-6501  Fax: 630. 221.0706
george.stohner@faegrebd.com  colleen@cmmclaw.com
gregory.abrams@faegrebd.com  greg@cmmclaw.com
lindsey.hogan@faegrebd.com

Ellen E. Boshkoff
Faegre Baker Daniels LLP
300 N. Meridian St., Ste 2700
Indianapolis, IN 46204
Tel.: 317.237.0300
Fax: 317.231.1000
ellen.boshkoff@faegrebd.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2016, I electronically filed the foregoing **Joint Motion for Approval of Settlement and Dismissal** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys listed below:

Colleen M. McLaughlin
colleen@cmmclaw.com
Gregory S. Dierdorf
greg@cmmclaw.com
Elissa J. Hobfoll
elissa@cmmclaw.com
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd., Suite 209
Wheaton, Illinois 60189

               /s/ George A. Stohner

US.105481365.01